## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

REYNOLDS INLINER LLC,

       Plaintiff,

                               Case No. 08-cv-2319-JAR-GLR

v.

INSITUFORM TECHNOLOGIES, INC., and,
INSITUFORM (NETHERLANDS), B.V., INC.,

       Defendants.

## MEMORANDUM AND ORDER

In this patent infringement action Plaintiff seeks a declaratory judgment under 28 U.S.C. §

2201 and Fed. R. Civ. P. 57.  The Court has for consideration Plaintiff's Motion for Leave to

Conduct Limited Discovery Before Responding to Defendant's Motion to Dismiss or Transfer and

Motion for Extension of Time to Respond to Defendant's Motion to Dismiss or Transfer (doc. 15).

Plaintiff requests an order to allow it to conduct limited discovery on the issues raised in a pending

motion to dismiss or transfer.  It seeks such discovery before the parties have conducted a Rule 26(f)

conference.  On December 16, 2008, the Court granted its request for an extension of time to

respond to the motion to dismiss or transfer (doc. 18).

### I.      Relevant Background

In its complaint Plaintiff alleges the following facts:  In April and July 2008, counsel for

Defendants sent letters to Plaintiff.  They claimed or implied that Plaintiff was infringing several

Insituform Patents ("Insituform Patents").  Plaintiff alleges that Defendant Insituform (Netherlands),

B.V., Inc. (INBV) owns the Insituform Patents and that Insituform Technologies is its exclusive

licensee in the United States.  Plaintiff further alleges that on August 31, 2008, INBV assigned the

patents to INA Acquisition Corp. ("INA").

On July 11, 2008, Plaintiff filed this action for declaratory judgment of invalidity and non-infringement of the Insituform Patents and for infringement of its own patent.  On December 2, 2008,  INBV filed its Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue (doc. 11).  That motion remains pending before the Court.  Defendant INBV claims that INBV and INA are merely holding companies for the patents and that their business consists only in licensing the patents.  It asserts that INA has no offices, employees, contracts or business in Kansas.

Plaintiff contends that, although INBV no longer owns the Insitiform Patents because of their transfer to INA after the suit was filed, INBV and INA are subsidiaries of Insituform Technologies. Plaintiff suggests that this type of subsidiary-parent, patent owner-patent licensee relationship provides the basis for this Court to exercise personal jurisdiction over the Defendants. Plaintiff requests leave to conduct limited discovery about the nature of the relationship between Insituform Technologies, INBV, and INA and their respective business activities and contacts with Kansas. It urges a need for the discovery in preparation of its response to the pending motion to dismiss or transfer. Defendants argue that the facts pertinent to the jurisdictional issue are uncontroverted. They contend that discovery will provide no additional facts that would support personal jurisdiction over them.

## II.     Early Discovery Sought

Plaintiff seeks leave to conduct limited discovery on the issues raised in the motion to dismiss or transfer and before the parties have conducted a Rule 26(f) conference.  Specifically it seeks a deposition, pursuant to Rule 30(b)(6), from each Defendant on sixteen topics.  The proposed topics include the terms of the license agreements, ownership of the patents, and transfer of their ownership since the filing of this lawsuit.  Plaintiff also seeks to depose Insituform Technologies,

INBV, and INA about their business activities in Kansas; their officers, directors, ownership and

business operations; and revenues derived from licenses of the patents.  Plaintiff further requests

leave to depose April Greer, in-house counsel for Insituform Technologies, on the matters raised in

her Declaration, attached as Exhibit B to Defendant INBV's Memorandum in Support of its Motion

to Dismiss or Transfer (doc. 12).  It also requests that Defendants produce the following documents:

1.      All agreements between Insituform Technologies, Inc. Insituform
        (Netherlands), B.V., INA Acquisition Corp., and/or Insituform Technologies
        (USA), Inc. regarding the patents-in-suit.

2.      All agreements transferring ownership of the patents-in-suit.

### III.    Applicable Legal Standard

Federal Rule of Civil Procedure 26(d)(1) prohibits a party from seeking "discovery from any

source before the parties have conferred as required by Rule 26(f), except . . . when authorized by

these rules, by stipulation, or by court order."[1]  A party that seeks expedited discovery in advance

of a Rule 26(f) conference has the burden to show good cause for the requested departure from usual

discovery procedures.[2]   In considering the standard of good cause in the context of Rule 26(d), the

court should also evaluate the scope of the requested discovery.[3]

The advisory committee notes to the 1993 amendments to Rule 26(d) suggest that discovery

before the planning conference will be appropriate in cases involving motions that challenge

personal jurisdiction.[4]   Courts in the District of Kansas have found expedited discovery warranted

---

[1]Fed. R. Civ. P. 26(d)(1).

[2]*Alpine Atl. Asset Mgmt. AG v. Comstock*, Civ. A. No. 07-2595-JWL, 2008 WL 618627, at * 1 (D. Kan. Mar. 3, 2008) (citing *Qwest Comm'cs Int'l, Inc. v. WorldQuest*, 213 F.R.D. 418, 419 (D. Colo. 2003)).

[3]*Interscope Records v. Does 1-14, Civ. A.* No. 07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007) (citing *Qwest Comm'cs*, 213 F.R.D. at 419).

[4]Fed. R. Civ. P. 26(d) advisory committee's notes.

in similar situations, such as permitting limited discovery regarding the issue of personal jurisdiction and venue.[5]

By its present motion Plaintiff seeks discovery to determine whether facts exist upon which this Court can find personal jurisdiction over co-defendant INBV. Defendant INBV denies such jurisdiction. It further contends that the facts are undisputed that show an absence of personal jurisdiction. Specifically it points to the Delaration of April Greer, attached as one of five exhibits to the memorandum in support of its motion to dismiss.

Plaintiff contends, however, the relevant facts are in dispute. The Court agrees with that contention. Defendant INBV has not shown, and the Court does not otherwise find, that Plaintiff has indeed admitted facts that negate jurisdiction. Plaintiff asserts a reasonable request for an opportunity to assemble evidence that may support jurisdiction. And conceivably it may rely upon whatever evidence Defendant INBV may own to show either its activity in Kansas or the absence of it.

As the moving party, Plaintiff has the burden to show good cause for conducting discovery in advance of the Rule 26(f) planning conference. The Court finds that Plaintiff has established good cause to warrant the service of limited discovery regarding the issue of personal jurisdiction and proper venue. Service of this discovery will promote judicial speed and economy and facilitate an informed ruling on Defendant INBV's Motion to Dismiss or Transfer for Lack of Personal Jurisdiction and Improper Venue. In addition, there has been no showing that the discovery sought would be unduly burdensome or that Defendants would be prejudiced by having to respond to

---

[5]*See Dougherty Funding, LLC v. Gateway Ethanol, LLC*, No. 08-XC-2213-JWL, 2008 WL 2354965, at *1 (D. Kan. June 5, 2008) (defendant sought early limited written discovery regarding the membership of the plaintiff LLC in order to ascertain if diversity jurisdiction exists); *Alpine,* 2008 WL 618627, at * 1 (plaintiff sought early discovery consisting of ten interrogatories and requests for admission narrowly tailored to the issues of venue).

Plaintiff's proposed discovery prior to the parties' Rule 26(f) conference.

In allowing the discovery, however, the Court does agree with one of the points made by Defendant INBV.  It contends that the requested discovery is overly broad.  Defendant has not pointed to any specific topics in making that assertion.  The Court finds, nevertheless, that three of the topics proposed for depositions are on their face overly broad: Deposition Topics 14, 15, and 16. They relate to "revenues derived by" the three Insituform entities.  Plaintiff has shown no justification for early discovery about revenues.  The Court otherwise finds none.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Conduct Limited Discovery Before Responding to Defendant's Motion to Dismiss or Transfer (doc. 15) is sustained in part and denied in part, as herein set forth.  Plaintiff is granted leave to conduct early discovery, as requested by its motion, except as to Deposition Topics 14, 15, and 16.

Counsel for the parties shall confer regarding the scheduling of the depositions so that they can be completed by **March 13, 2009**.

Dated in Kansas City, Kansas, this 11th day of February, 2009.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge